UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DALE BRITTON, :
: CASE NO. 1:10-CV-1202
Plaintiff, :
:
vs. :  OPINION & ORDER
: [Resolving Doc. No. 3]
FERRO CORPORATION, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendant Ferro Corporation ("Ferro") moves the Court to dismiss the Plaintiff's claims of intentional infliction of emotional distress (Count II), age discrimination (Count IV), and race discrimination (Count V) pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 3-1.]

For the following reasons, this Court **GRANTS IN PART** and **DENIES IN PART** the Defendant's motion to dismiss.

**I. Background**

Plaintiff Dale Britton ("Britton") sues his former employer, Ferro, for an alleged breach of employment contract, intentional infliction of emotional distress, promissory estoppel, and age and race discrimination under Ohio Revised Code § 4112.99. [Doc. 1-1.]

Defendant Ferro employed Britton as a chemical operator from approximately September 29, 2005 to April 14, 2007. [*Id.* at ¶¶ 3, 5.] Britton is a fifty-seven year old African-American male.

Case No. 1:10-CV-1202
Gwin, J.

[Doc. 1-1 at ¶ 2.] On approximately April 14, 2007, Ferro fired Britton for alleged unsatisfactory job performance and for problems in attendance. [*Id.* at ¶ 6; Doc. 4 at ¶ 6.] As a union member, a collective bargaining agreement between Ferro and Local 1170-2 of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union governed the terms of Britton's employment. [Doc. 1 at ¶ 3.]

On April 21, 2010, Plaintiff Britton sued Ferro in the Court of Common Pleas in Cuyahoga County, Ohio. [Doc 1-1.] On May 28, 2010, Ferro removed the action to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1441(a)-(b). This Court has subject matter jurisdiction under 28 U.S.C. § 1331, since a claim for breach of contract brought by a union employee challenging his termination gives jurisdiction under Section 301 of the Labor-Management Relations Act ("LMRA").[1] *See* 29 U.S.C. § 185; *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968) ("[a] claim arising under [a] collective bargaining agreement is one arising under the laws of the United States within the meaning of the removal statute . . . and is within the original jurisdiction of [a] District Court.") (internal citations and quotations omitted).

The Court has supplemental jurisdiction to hear the Plaintiff's state law claims of age discrimination, race discrimination, and intentional infliction of emotional distress, all arising under Ohio law, since these claims stem from same case or controversy as the federal claims. *See* 28

---

[1] State law "does not exist as an independent source of private rights to enforce collective bargaining contracts." *Fox*, 914 F.2d at 799. Section 301 of the LMRA governs "suits for violations of contracts between an employer and a labor organization. . . ," pre-empting state law claims that are "substantially dependent on analysis of a collective bargaining agreement." *Id.* at 799-800. If "evaluation of the [state law] claim is inextricably intertwined with consideration of the labor contract," the claim is pre-empted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). "[W]hen the resolution of a state law claim is substantially dependent upon the analysis of . . . a labor contract, that claim must either be treated as a § 301 claim . . . or [be] dismissed as pre-empted by federal labor-contract law." *Id.* at 220.

Case No. 1:10-CV-1202
Gwin, J.

U.S.C. § 1441(c).

Defendant Ferro moves the Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the intentional infliction of emotional distress, age discrimination, and race discrimination claims for failure to state a claim. [Doc. 3-1.] The Defendant says that even accepting the factual allegations in the Complaint that are adequately pleaded, these claims fail to state a claim upon which relief can be granted. [*Id.*]

## II. Legal Standard

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."

-3-

Case No. 1:10-CV-1202
Gwin, J.

*Id.*

### III. Analysis

*III.A    Intentional Infliction of Emotional Distress*

The Plaintiff claims that the Defendant intentionally inflicted emotional distress when it fired him. [Doc. 1-1 at ¶¶ 11-14.]  To state a claim for intentional infliction of emotional distress, a plaintiff must allege in his pleadings that: "(1) the defendant[] intended to cause the plaintiff[] serious emotional distress; (2) the defendant['s] conduct was extreme and outrageous; and (3) the defendant['s] conduct was the proximate cause of the plaintiff['s] distress." *Long v. Ford Motor Co.*, 193 F. App'x 497, 502-03 (6th Cir. 2006) (citing *Phung v. Waste Mgmt.*, 644 N.E.2d 286, 289 (Ohio 1994)*.

To make a claim for intentional infliction of emotional distress, a plaintiff must show the defendant engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Long*, 193 F. App'x at 502-03 (quoting *Yeager v. Local Union 20, Teamsters*, 453 N.E.2d 666, 671 (Ohio 1983)). The Sixth Circuit, applying Ohio law, held that "an employee's termination, even if based upon discrimination, does not rise to the level of extreme and outrageous conduct without proof of something more." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999).  Severe emotional distress exists only where "a reasonable person, normally constituted, would be unable to cope adequately with a mental distress engendered by the circumstances of the case." *Smith v. Ameriflora 1992, Inc.*, 644 N.E.2d 1038, 1044 (Ohio Ct. App. 1994).

Here, the Plaintiff's intentional infliction of emotional distress claim fails as a matter of law.

-4-

Case No. 1:10-CV-1202
Gwin, J.

First, Britton fails to allege any facts suggesting that he suffered serious emotional distress as a result of his discharge. *See Roe v. Franklin County*, 673 N.E.2d 172, 180 (Ohio App. Ct. 1996) (dismissing intentional infliction of emotional distress claim due to plaintiff's failure to allege debilitating or severe emotional distress); *Dobrski v. Ford Motor Co.*, 698 F. Supp.2d 966, 987-90 (N.D. Ohio 2010) (same). Second, as it is well-established that wrongful termination of employment alone does not constitute "extreme and outrageous conduct" without an allegation of "something more, " Britton's claim fails because it does not allege any additional extreme and outrageous conduct on the part of the Defendant. *Godfredson*, 173 F.3d at 376; *Russell v. Witham*, 2007 WL 4561609, at *6 (N.D. Ohio, Dec. 21, 2007) (dismissing claim due to failure to specifically allege extreme and outrageous conduct).

Thus, since the Plaintiff's pleadings fail to allege serious emotional distress and facts sufficiently severe to constitute extreme or outrageous conduct, the Plaintiff's intentional infliction of emotional distress claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.[2]

*III.B   Age Discrimination*

The Plaintiff brings an age discrimination claim under Ohio Revised Code § 4112.99. [Doc. 1-1 at ¶¶ 20-23.] Courts generally analyze age discrimination claims brought under Ohio law using the same framework as claims brought under the federal Age Discrimination in Employment Act ("ADEA"). *See Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005). A plaintiff can establish

---

[2] State claims for emotional distress are preempted by § 301 of the LMRA "when the alleged outrageous conduct [is] governed by CBA provisions." *DeCoe v. GMC*, 32 F.3d 212, 219 (6th Cir. 1994); 29 U.S.C. § 185. Here, it is not necessary to determine whether the Plaintiff's intentional infliction of emotional distress claim is preempted by § 301 of the LMRA since the claim fails as a matter of law.

Case No. 1:10-CV-1202
Gwin, J.

an age discrimination case under the ADEA either by providing direct evidence of discrimination or by providing indirect evidence that satisfies the burden-shifting *McDonnell Douglas* paradigm. *Id.*

Direct evidence "proves the existence of a fact without requiring any inferences." *Blair v. Henry Filters, Inc.,* 505 F.3d 517, 523 (6th Cir. 2007) (internal citation omitted). Indirect evidence is evaluated under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under this framework, a plaintiff has the initial burden to establish a *prima facie* case of discrimination.[3/] If a plaintiff does so, the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for its actions. *See Cichewicz v. UNOVA Indus. Automotive Systems, Inc.*, 92 F. App'x 215, 218-19 (6th Cir. 2004).

Here, the Plaintiff says (1) that he is fifty-seven years old; (2) that his employment with Ferro was terminated; (3) that he was qualified for the position of chemical operator and performed his job duties diligently; and (4) that he was treated less favorably than similarly situated younger employees. [Doc. 1-1 at ¶¶ 2, 4, 5, 6, 7.] Taken as true, these allegations make out a *prima facie* case of age discrimination based upon indirect evidence, shifting the burden to the Defendant under the *McDonnell Douglas* framework to offer a legitimate, non-discriminatory reason for its action. Accordingly, the Plaintiff has sufficiently pleaded a claim for age discrimination and the Court denies the Defendant's motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6).

---

[3/] To prove a *prima facie* case of age discrimination under the *McDonnell Douglas* analysis, a plaintiff must show: (1) that he was at least 40 years old at the time of the alleged discrimination; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that he "was either replaced by a substantially younger person, or was treated less favorably than a similarly situated employee from outside the protected class." *McElroy v. Philips Med. Sys. N. Am., Inc.,* 127 F. App'x 161, 166 (6th Cir. 2005). Ohio courts have recognized, as has the Sixth Circuit, that the fourth element of the *prima facie* case of discrimination can be replaced with proof that a comparable person, outside the protected class, was treated better than the plaintiff. *Blanton v. Cuyahoga County Bd. of Elections*, 779 N.E.2d 788, 793 (Ohio App. 2002); *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002).

Case No. 1:10-CV-1202
Gwin, J.

*III.C  Race Discrimination*

The Plaintiff also brings a race discrimination claim under Ohio Revised Code § 4112.99. [Doc. 1-1 at ¶¶ 24-27.] Courts generally analyze race discrimination claims brought under Ohio law using the federal Title VII framework. *See Carter v. Univ. of Toledo*, 349 F.3d 269, 272-73 (6th Cir. 2003); *Ohio Civil Rights Comm'n v. David Richard Ingram, D.C.*, 630 N.E.2d 669, 674 (Ohio 1994). A plaintiff can establish a race discrimination case by providing either direct evidence of discrimination or by satisfying the requirements of the burden-shifting *McDonnell Douglas* framework by using indirect evidence. *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003).[4/]

Here, the Plaintiff says (1) that he is an African-American; (2) that his employment with Ferro was terminated; (3) that he was qualified for the position of chemical operator and performed his job duties diligently; and (4) that he was treated less favorably than similarly situated white employees. [Doc. 1-1 at ¶¶ 2, 4, 5, 6, 7.] Again, if taken as true, these allegations allege a *prima facie* case of race discrimination, shifting the burden to the Defendant to offer a legitimate, non-discriminatory reason for the termination. Accordingly, the Plaintiff has sufficiently pleaded a claim for race discrimination and the Court denies the Defendant's motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6).

**IV. Conclusion**

For the foregoing reasons, Court **GRANTS** the Defendant's motion to dismiss the Plaintiff's intentional infliction of emotional distress claim (Count II) and **DENIES** the Defendant's motion

---

[4/] To establish a *prima facie* case of race discrimination, a plaintiff must show that 1) he is a member of a protected class; 2) that he was qualified for his job and performed it satisfactorily; 3) that despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. *Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000).

-7-

Case No. 1:10-CV-1202
Gwin, J.

to dismiss the Plaintiff's age and race discrimination claims (Count IV & V).

      IT IS SO ORDERED.


Dated: September 1, 2010                                   *s/    James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE